**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

EARL JOHNSON, JR.,                                    *

     **Plaintiff,**                                     *

v.                                                        **Case No.: GJH-17-2419**

                                *

LT. ERIC KRETZER, *et al.*,[1]                        *

     **Defendants.**                                    *

               *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION

*Pro se* Plaintiff Earl Johnson, Jr., who is currently incarcerated at the Maryland

Correctional Training Center, brought this civil action pursuant to 42 U.S.C. § 1983 alleging that

Defendants Lieutenant Eric Kretzer, Correctional Officer II John Steele, Sergeant Travis Calder,

Commander Joel Witt, Hearing Officer David Sipes, Officer John Sweeney, and Warden Richard

Dovey violated his rights under the Eighth Amendment and Due Process and Equal Protection

Clauses of the Fourteenth Amendment. ECF Nos. 1, 4. Pending before the Court are Defendants

Kretzer, Steele, Calder, Witt, Sweeney, and Dovey's Motion to Dismiss or, in the Alternative,

for Summary Judgment, ECF No. 12, Defendant Sipes' Motion to Dismiss or, in the Alternative,

for Summary Judgment, ECF No. 18, Plaintiff's Motion to Stay Summary Judgment, ECF No.

20, Plaintiff's "Motion to Response and for Summary Judgment; Stay Petition," ECF No. 21, and

Plaintiff's Motion for Summary Judgment, ECF No. 23. No hearing is necessary. *See* Loc. R.

105.6 (D. Md. 2016). For the following reasons, Defendants' Motions to Dismiss or, in the

---

[1] The Clerk shall amend the docket to reflect the correct names and titles for Defendants Lieutenant Eric Kretzer, Correctional Officer II John Steele, Sergeant Travis Calder, Commander Joel Witt, Hearing Officer David Sipes, Officer John Sweeney, and Warden Richard Dovey.

Alternative, for Summary Judgment, construed as Motions for Summary Judgment, are granted, Plaintiff's Motion to Stay Summary Judgment is denied, Plaintiff's "Motion to Response and for Summary Judgment; Stay Petition" is denied, and Plaintiff's Motion for Summary Judgment is denied.

## I.     BACKGROUND

On June 7, 2017, Defendant Steele wrote a Notice of Rule Violation charging Plaintiff with alcohol use and possession. ECF No. 1-1. The Notice states that on June 7, 2017, Defendant Steele witnessed Plaintiff drinking what appeared to be homemade alcohol in the recreation hall and yelling at other inmates to fight him. *Id.* at 5.[2] Defendant Steele ordered Plaintiff out of the recreation hall, smelled alcohol on Plaintiff's breath, and then placed Plaintiff in handcuffs. *Id.* Defendants Steele and Calder went to Plaintiff's cell, where they discovered "numerous single bottles of homemade alcohol and one large bag of homemade alcohol." *Id.* The suspected alcohol was testing using an alcohol screening test, and it tested at a 0.3% or higher range. *Id.* Officers photographed the alcohol and escorted Plaintiff to the dispensary for medical treatment. *Id.* Plaintiff was charged with violations of Rule 114 for possessing alcohol in sufficient quantity to suggest intent to distribute or distribution, Rule 301 for unauthorized possession or use of alcohol, and Rule 406 for possession or passing contraband. *Id.* at 5, 7.

On June 27, 2017, at an adjustment hearing before Defendant Sipes, Plaintiff pled guilty to the Rule 406 violation. *Id.* at 7. Defendant Sipes imposed fifteen days of cell restriction for the Rule 406 violation and dismissed the Rule 114 and 301 violation charges. *Id.* Plaintiff did not receive disciplinary segregation time, nor did he lose good time credits. *Id.* Defendants Sipes' written explanation for his decision provides:

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

> The Defendant and Facility reached a plea agreement. The Defendant was informed that by pleading guilty hearing rights and most appeal rights were waived and the Defendant was admitting to the rule violations. The Defendant acknowledged that the guilty plea was voluntarily made. The Defendant was also informed that the Warden would review the decision and could modify the sanctions upon review. The Defendant understood and pled guilty. Per agreement, the Facility recommended 15 C/R [days of cell restriction]. [Hearing Officer] accepts plea and agreement.

*Id.* at 7. The Warden, Defendant Dovey, affirmed the sanctions imposed by Defendant Sipes. *Id.* at 10.

At some point afterward, Plaintiff sent a letter to the Office of the Deputy Secretary regarding the Notice of Rule Violation report and the adjustment hearing. ECF No. 12-2 at 2. He claimed that the Notice of Rule Violation report was false, and that he had been found not guilty at the hearing. *Id.* On July 31, 2017, Defendant Dovey responded to Plaintiff's assertions. *Id.* He stated, in pertinent part:

> I have reviewed your concerns and found that when this incident occurred, the officer heard you yelling at inmates inviting them to fight and drinking what appeared to be homemade alcohol.  When the officer approached you, the smell of alcohol was emanating from your person and he cuffed you without incident.  A search of your cell yielded homemade alcohol.
>
> On June 27, 2017, the event was heard and a ***plea agreement was reached;*** the hearing officer dismissed rule violation 114 and 301, however you were ***found guilty*** of rule 406.  You were sanctioned to 15 days of cell restriction. There were pictures and testing strips that were "positive" for alcohol.  While plea agreement was reached this is not a "not guilty" finding, you were, in fact, found guilty of rule 406.

*Id.*; ECF No. 18-2 at 2 (emphasis in original).

On August 21, 2017, Plaintiff filed a Complaint in this Court. ECF No. 1. At the Court's direction, he filed a Supplemental Complaint on October 24, 2018. ECF No. 4. He alleges that the Notice of Rule Violation report was inaccurate because the chain of custody was incomplete, he was not administered a breathalyzer test, and the report did

not identify a cell number. ECF No. 1 at 4. Plaintiff, who is Black, also alleges that he was discriminated against by White officers in connection with the infraction. *Id.* at 4. He claims that after the incident discussed in the report, Defendant Calder locked him in the laundry room for one hour, where it was "like 110 degree[s]" and that he was handcuffed from behind his back. *Id.* at 4. Finally, he claims that that he lost $70.00 worth of food, a compact disc ("CD"), his boom box, and his television and missed a Family Day event when he was placed on administrative segregation pending disposition of the charges against him. *Id.* at 3–4; ECF No. 4.

On July 8, 2019, Defendants Kretzer, Steele, Calder, Witt, Sweeney, and Dovey filed a Motion to Dismiss or, in the Alternative, for Summary Judgment. ECF No. 12. On July 9, 2019, the Court directed Plaintiff to file a response, including supporting affidavits, declarations, and other evidence, ECF No. 13, and Plaintiff filed a response on July 22, 2019, ECF No. 14. On September 23, 2019, Defendant Sipes filed a Motion to Dismiss or, in the Alternative, for Summary Judgment. ECF No. 18. On October 22, 2019, the Court ordered Plaintiff to file a response, ECF No. 19, and on that same date, Plaintiff filed a Motion to Stay Summary Judgment, ECF No. 20. On November 21, 2019, Plaintiff filed a "Motion to Response and for Summary Judgment; Stay Petition," ECF No. 21, which is in the form of a declaration and in which Plaintiff states that Defendant Sipes "allow[ed]" officers to charge him with possession of contraband because he is Black; his cellmate, who is White, was not charged; and it was discriminatory conduct for Plaintiff to be taken to the medical office and placed "butt[t] naked" in a cell, despite his claims that he was not intoxicated, *id.* at 1. On February 21, 2020, Plaintiff filed a Motion for Summary Judgment in which he repeats his claims against Defendants. ECF No. 23.

## II.      MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

### A.  Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.")).

The purpose of Rule 12(b)(6) "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks omitted). When deciding a motion to dismiss under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.,* 637 F.3d 435, 440 (4th Cir. 2011) (citations and internal quotation marks omitted). The Court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

Defendants' Motions are styled as Motions to Dismiss or, in the Alternative, for Summary Judgment. If the Court considers materials outside the pleadings, the Court must treat a motion to dismiss as one for summary judgment. Fed. R. Civ. P. 12(d). When the Court treats a motion to dismiss as a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* When the moving party styles its motion as a "Motion to Dismiss or, in the Alternative, for Summary Judgment," as is the case here, and attaches additional materials to its motion, the nonmoving party is, of course, aware that materials outside the pleadings are before the Court, and the Court can treat the motion as one for summary judgment. *See Laughlin v. Metropolitan Wash. Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998). Further, the Court is not prohibited from granting a motion for summary judgment before the commencement of discovery. *See* Fed. R. Civ. P. 56(a) (stating that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact" without distinguishing pre-or post-discovery).

Summary judgment is appropriate if "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials," Fed. R. Civ. P. 56(c), show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party moving for summary judgment bears the burden of demonstrating that no genuine dispute exists as to material facts. *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). If the moving party demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify specific facts showing that there is a genuine issue for trial. *See Celotex*, 477 U.S. at 322–23. A material fact is one that

"might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of material fact is only "genuine" if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248. However, the nonmoving party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1986). When ruling on a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

While the Court may rule on a motion for summary judgment prior to commencement of discovery, *see, e.g.*, *Demery v. Extebank Deferred Compensation Plan (B)*, 216 F.3d 283, 286 (2d Cir. 2000), Federal Rule of Civil Procedure 56(d) "mandates that summary judgment be denied when the nonmovant has not had the opportunity to discover information that is essential to his opposition." *Pisano v. Strach*, 743 F.3d 927, 931 (4th Cir. 2014) (internal citation and quotation marks omitted). "To obtain Rule 56(d) relief, the non-moving party bears the burden of showing how discovery could possibly create a genuine issue of material fact sufficient to survive summary judgment or otherwise affect the court's analysis." *Poindexter v. Mercedes-Benz Credit Corp.*, 792 F.3d 406, 411 (4th Cir. 2015).

Moreover, where, as here, the plaintiff is proceeding *pro se*, the Court reads the pleadings generously. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  At the same time, the Court must also fulfill its "affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (internal quotation marks omitted).

**B.   Discussion**

As an initial matter, the Court will construe Defendants' Motions as Motions for Summary Judgment because the parties have submitted evidence outside the pleadings and been given reasonable opportunity to present all pertinent material, and Plaintiff had notice, vis-à-vis the title of Defendants' Motions, that Defendants were seeking summary judgment. *See* Fed. R. Civ. P. 12(d).

Pursuant to 42 U.S.C. § 1983, Plaintiff claims that that Defendants violated his rights under the Eighth Amendment and the Due Process and Equal Protection Clauses of the Fourteenth Amendment. To prove a claim under § 1983, Plaintiff must allege that (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**1.   Due Process Claims**

Plaintiff raises due process claims based on his adjustment hearing and lost property. With respect to the adjustment hearing, the procedural protections of the Due Process Clause only apply to actions that implicate a protected liberty interest. Individuals who are incarcerated have a liberty interest in actions affecting the amount of time the individual will serve, *see Bd. of Pardons v. Allen*, 482 U.S. 369, 381 (1987) (state created liberty interest in parole); *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974) (state created liberty interest in good conduct credits), and in actions where an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" is imposed, *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Here, the adjustment hearing did not result in a longer sentence for Plaintiff or any imposition of disciplinary segregation. To the extent that Plaintiff complains that he was on

administrative segregation for twenty days pending resolution of the charges in the Notice of

Rule Violation and, as a result, lost property and the ability to attend a Family Day event, ECF

No. 1 at 5; ECF No. 4 at 1, 2, he has not alleged that the conditions of his administrative

segregation were significantly more onerous than those of the general population such that they

would implicate a liberty interest. *See Beverati v. Smith*, 120 F.3d 500, 504 (4th Cir. 1997)

(holding that conditions of administrative segregation at the Maryland Penitentiary do not

impose a "significant hardship in relation to the ordinary incidents of prison life"); *Knox v.

Lanham,* 895 F. Supp. 750, 758–60 (D. Md. 1995) (finding that an increase in correctional

security status did not create liberty interest). He therefore has not demonstrated that he has a

liberty interest in avoiding such placement. Accordingly, Defendants are entitled to summary

judgment on this claim.

　　　　With respect to Plaintiff's lost property, an inmate's loss of personal property does not

violate substantive due process rights when adequate post-deprivation state remedies are

available. *See Parratt v. Taylor,* 451 U.S. 527, 543 (1981), overruled on other grounds by

*Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 vindicates federal rights, but not tort

claims for which there are adequate state law remedies. *See Wright v. Collins*, 766 F.2d 841, 849

(4th Cir. 1985). The right to seek damages and injunctive relief in Maryland courts following

exhaustion of applicable administrative remedies under the Maryland Tort Claims Act

constitutes an adequate post-deprivation remedy. Thus, Plaintiff may seek redress for the loss of

his property in the courts of Maryland. Accordingly, Defendants are entitled to summary

judgment on this claim.

### 2.  Equal Protection Claim

The Equal Protection Clause of the Fourteenth Amendment protects prisoners from invidious discrimination based on race. *Wolff*, 418 U.S. at 556. In order to establish an equal protection violation, a plaintiff must show that "he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). "Once this showing is made, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." *Id.*

Here, Plaintiff alleges that he has been discriminated against because he is Black, and the officers are White, and because Defendant Sipes "permitted" officers to charge him, as opposed to his cellmate, with contraband possession, because he is Black and his cellmate at the time was White. ECF No. 21 at 1. He also claims he was subjected to discrimination by being placed in a cell "butt naked." Plaintiff's summary and conclusory assertions are insufficient to suggest disparate treatment to support a claim under the Equal Protection Clause or a violation of constitutional or federal law. There is no evidence that Plaintiff's cellmate was inebriated like Plaintiff, but not treated the same as Plaintiff. Further, the evidence suggests only that Plaintiff was placed in a holding cell due to his behavior, and not because of his race. Viewing the evidence in Plaintiff's favor, it does not support a claim of purposeful discrimination or an equal protection violation, nor does it suggest that there is a genuine issue of material fact in dispute to preclude summary judgment. Accordingly, Defendants are entitled to summary judgment on this claim.

### 3. **Eighth Amendment Claim**

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII; *see also Estelle v. Gamble*, 429 U.S. 97, 102 (1976); *Gregg v. Georgia*, 428 U.S. 153, 173 (1976); *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016); *King v. Rubenstein*, 825 F.3d 206, 218 (4th Cir. 2016). The Eighth Amendment "proscribes more than physically barbarous punishments." *Estelle*, 419 U.S. at 102. It "embodies" the "concepts of dignity civilized standards, humanity, and decency ...." *Id.* (internal quotation marks omitted). The "Constitution does not mandate comfortable prisons," *Rhodes v. Chapman,* 452 U.S. 337, 349 (1981), but it does "protect[] inmates from inhumane treatment and conditions while imprisoned," *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996).

To state a conditions-of-confinement claim, an inmate must show that (1) the conditions were objectively serious enough to pose a substantial risk of serious harm, and (2) the prison official's state of mind was one of "deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). An inmate complaining about prison conditions must show that the challenged conditions resulted in a serious deprivation of a basic human need which, in turn, resulted in serious or significant harm. *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993).

Here, Plaintiff asserts that, for one hour, he was hot and uncomfortable while placed in a laundry room and handcuffed from behind. His summary allegation fails to allege or demonstrate a serious deprivation of a basic human need that caused him serious or significant harm. Plaintiff fails to provide any evidence that any Defendant acted with deliberate indifference or that the situation posed a substantial risk of harm. Instead, Plaintiff's allegations amount to "routine discomfort [that] is part of the penalty that criminal offenders pay for their offenses against society." *Strickler*, 989 F.2d at 1380 (internal quotation marks omitted). There is no

genuine issue of material fact in dispute, so Defendants are entitled to summary judgment on this claim.

## III.    PLAINTIFF'S MOTIONS

Plaintiff has filed three motions of his own: a Motion to Stay Summary Judgment, a "Motion to Response and for Summary Judgment; Stay Petition," and a Motion for Summary Judgment. In the Motion to Stay Summary Judgment, Plaintiff asserts that Defendant Sipes violated Division of Correction policy by having him plead guilty to Rule 406, and, as a result, Plaintiff missed Family Day, which he contends violated his due process rights. With the pleading, Plaintiff filed a handwritten "declaration" purporting to be the declaration of Lieutenant Richard Robinette. ECF No. 20-1. Lt. Robinette is a defendant in *Johnson v. Robinette*, No. GJH–17–3401 (D. Md), and the "declaration" Plaintiff filed is a handwritten copy of the declaration Robinette filed in that case. *See* No. GJH–17–3401, ECF No. 16-3. Lt. Robinette's declaration pertains to an October 3, 2017 incident during which officers discovered homemade alcohol in Johnson's cell. The declaration is not material to the issues in the instant matter and, as the Court has already concluded, the cell restriction resulting from Plaintiff's adjustment hearing did not violate his due process rights. Plaintiff provides no cause to stay Defendants' Motions for Summary Judgment or to grant summary judgment in his favor. Accordingly, Plaintiff's Motion to Stay Summary Judgment is denied.

Plaintiff's "Motion to Response and for Summary Judgment; Stay Petition," filed in the form of a declaration, asserts that Plaintiff was charged with contraband violations because he is Black and his cellmate was White, that Plaintiff was taken to the medical unit although he was not intoxicated, and that he was placed naked in a cell. The declaration provides no information

for this Court to find there is an issue of material fact in dispute or to warrant staying this case. Thus, the Motion is denied.

Finally, Plaintiff's Motion for Summary Judgment, also filed in the form of a declaration, repeats Plaintiff's claims against Defendants. As the Court has already concluded, the evidence in the record demonstrates that Defendants are entitled to summary judgment on all claims against them. Thus, Plaintiff's Motion for Summary Judgment is denied.

IV.     **CONCLUSION**

For the foregoing reasons, Defendants' Motions to Dismiss or, in the Alternative, for Summary Judgment, construed as Motions for Summary Judgment, are granted, Plaintiff's Motion to Stay Summary Judgment is denied, Plaintiff's "Motion to Response and for Summary Judgment; Stay Petition" is denied, and Plaintiff's Motion for Summary Judgment is denied.

A separate Order shall issue.


Date: <u>March     5, 2020</u>                          <u> /s/                                         </u>
                                                    GEORGE J. HAZEL
                                                    United States District Judge